IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PPS DATA,<br><br>          Plaintiff,<br><br>v.<br><br>PASSPORT HEALTH COMMUNICATIONS,<br><br>          Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:12-cv-00438-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

### I. INTRODUCTION

This patent infringement matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket Nos. 40; 52; 62.)  On May 17, 2013, the Court held a hearing on Plaintiff's motion for a scheduling order (Dkt. No. 62), and Plaintiff's motion to compel (Dkt. No. 52).  For the reasons stated at the hearing, and set forth below, the Court **GRANTS** in part Plaintiff's motion for a scheduling order, with several modifications.  The Court **GRANTS** in part, and **HOLDS IN ABEYANCE** in part, Plaintiff's motion to compel.

### II. PLAINTIFF'S MOTION FOR SCHEDULING ORDER

On April 25, 2013, Plaintiff filed this motion for a scheduling order.  (Dkt. No. 62.)  The motion reflects the parties' agreement on all scheduling issues but electronically stored information ("ESI").  (*Id.* at 2.)  Plaintiff prefers a scheduling order that allows it to conduct discovery on Defendant's general ESI without using search terms created by both parties.  (Dkt.

No. 62.) In other words, Plaintiff wants Defendant to turn over its general ESI, at which point Plaintiff will employ its *own* search terms to find relevant ESI. However, Plaintiff agrees to work with Defendant to create and apply twenty-five search terms to Defendant's emails. (*Id.* at 3.)

Plaintiff believes its position comports with Defendant's original desire to adopt the Federal Circuit Court's Model Order on E-Discovery because the Model Order applies search terms exclusively to emails. (Dkt. Nos. 62 at 2; 62-3 at 3.) Plaintiff also believes its position reflects Magistrate Judge Evelyn J. Furse's instructions at the March 21, 2013 initial pretrial conference because she allegedly restricted search terms to email. Moreover, because Defendant is a paperless company, Plaintiff fears Defendant will violate its obligation under District Judge Tena Campbell's Local Patent Rule 4A(2).[1] (Dkt. No. 62 at 4.) That is, Plaintiff worries Defendant will withhold relevant ESI if Plaintiff cannot predict the twenty-five search terms that will produce the best results. (*Id.*)

Defendant opposes Plaintiff's motion because it wants the Court to issue the proposed scheduling order the parties previously agreed to on April 24, 2013 - one day before Plaintiff filed this motion. (Dkt. No. 66 at 5-6.) That proposed order applies twenty-five search terms to all ESI discovery, both non-email and email. (*Id.*)

---

[1] Campbell Pat. R. 4A(2) reads:

> Not later than 30 days after service of the list of Accused Instrumentalities, each accused infringer shall produce all documents and things related to the design, development, sale, offer for sale, manufacture, use and functionality of Accused Instrumentalities made, used, sold or imported by it, as well as responses to the discovery referenced in Rule 4A(1) hereof.

To a point, the Court agrees with Defendant. The Court is troubled by Plaintiff's April 24, 2013 agreement to apply search terms to *all* ESI, followed by Plaintiff's April 25, 2013 reversal, and decision to file the current motion. (*See* Dkt. Nos. 66-1 to 66-10.)[2] Additionally, Plaintiff's reliance on the Model Order is insufficient where Magistrate Judge Furse declined to adopt it. (*See* Dkt. Nos. 58 at 12; 66 at 4-5.) Moreover, Magistrate Judge Furse never exclusively limited search terms to emails. (Dkt. No. 66 at 6.)[3] Most importantly, Defendant emphasizes it would incur a disproportional cost and burden if forced to turn over general ESI without applying search term limits. (*Id.* at 5-6.) Defendant's relevant ESI spans over 1,212 computer servers, and constitutes 1.8 terabytes of data.

After weighing Plaintiff's need for relevant ESI with Defendant's production burden, the Court **GRANTS** Plaintiff's motion for a scheduling order (Dkt. No. 62) with several modifications discussed at the May 17, 2013 hearing, and proposed by both parties after the hearing (Dkt. No. 70). To promote proportionality, the Court **ORDERS** the parties to apply twenty-five preliminary search terms to all ESI, including both non-email and email. However, to promote Plaintiff's access to relevant ESI, the Court **ORDERS** Defendant to bear an ongoing

---

[2] At the May 17, 2013 hearing, Plaintiff claimed it never agreed to apply search terms to non-email ESI because it believed the term "ESI" only encompassed email. However, in an April 24, 2013 email to Defendant, Plaintiff included a proposed scheduling order that stated "[t]he parties agree to 25 search terms to be used in search for responsive ESI. . . . The *twenty-five agreed keywords will also be used to search all non-email ESI* for responsive documents." (Dkt. No. 66-9) (emphasis added.)

[3] At best, the March 21, 2013 initial pretrial conference transcript contains an ambiguous discussion about search terms. (Dkt. No. 58 at 6-16.) Magistrate Judge Furse was discussing the parties' *original* scheduling motion, in which Plaintiff wanted to conduct ESI on "all relevant databases . . . using agreed-upon key words and terms." (Dkt. No. 49-1 at 2). Within this context, Magistrate Judge Furse asked Plaintiff whether its desire to search "all relevant databases . . . include[ed] email as part of that . . . ." (Dkt. No. 58 at 6.) Plaintiff responded "[w]e would include email in that." (*Id.*) The parties then discussed the search term number limit, without specifying whether such a limit applied exclusively to emails. (*Id.* at 6-16.)

and affirmative obligation to comply with Campbell Pat. R. 4A(2). The Court will issue a formal scheduling order memorializing these requirements concurrently with this decision.

### III. PLAINTIFF'S MOTION TO COMPEL

Prior to this decision, no formal scheduling order governed the case. As such, no formal order required the parties to abide by Campbell's Patent Rules, even though both parties informally agreed to. Nevertheless, On March 22, 2013, Plaintiff filed this motion to compel Defendant to: (1) produce documents required under Campbell Pat. R. 4A(2); (2) certify to Plaintiff and the Court when it complies with this patent rule; (3) after producing the aforementioned documents, allow Plaintiff to conduct an additional 30(b)(6) deposition under Campbell Pat. R. 4A(4); [4] and (4) supplement responses to interrogatory Nos. 1, 2, 4, 5, and 8. (Dkt. No. 52 at 2.)

#### A. Interrogatory Nos. 1, 2, 4, 5, and 8

Plaintiff moves to compel supplemental responses to these interrogatories. (*Id.* at 8-11.) Defendant opposes because Plaintiff allegedly failed to meet and confer about its substantive concerns on these specific interrogatories. (Dkt. No. 57 at 3-4.) Plaintiff contests this, and claims the parties telephonically met and conferred on March 11, 2013. (Dkt. No. 60 at 3.)

---

[4] Campbell Pat. R. 4A(4) reads:

> Parties asserting patent infringement shall be presumptively entitled to take one 30(b)(6) deposition of each accused infringer on the subjects of the design, development, sale, offer for sale, manufacture, use and functionality of Accused Instrumentalities and the individual depositions of two persons substantively involved in the design and development of the Accused Instrumentalities. Such depositions shall be taken during the period from the date of service of the list of Accused Instrumentalities and the date on which that party's Disclosure of Asserted Claims and Preliminary Infringement Contentions is due. The 30(b)(6) deposition referenced in this section is intended to be directed to infringement allegations, is preliminary in nature and is not intended to preclude the party . . . from taking additional 30(b)(6) depositions on other topics.

After reviewing the parties' correspondence (Dkt. Nos. 53-3 to 53-9), the Court concludes they failed to meet and confer about Plaintiff's substantive concerns on these specific interrogatories.[5]  As such, the Court **HOLDS IN ABEYANCE** its decision on this portion of Plaintiff's motion to compel.  (Dkt. No. 52.)  It **ORDERS** the parties to meet and confer about Interrogatory Nos. 1, 2, 4, 5 and 8 no later than **three (3) weeks** from the date of this decision.[6]

### B. Document Production Requests Under Campbell Pat. R. 4A(2)

Under Campbell Pat. R. 4A(2), Plaintiff moves to compel Defendant to produce additional paper documents, and non-email ESI.  (Dkt. No. 52 at 11-13.)  For example, Plaintiff moves Defendant to provide the backup data used to create two conflicting sales summaries.  (*Id.* at 13.)

Defendant opposes because it feels it met its paper document obligation under Campbell Pat. R. 4A(2) when it produced 10,628 paper documents.  (Dkt. No. 57 at 5.)  Defendant also opposes because it never refused to provide ESI under Campbell Pat. R. 4A(2).  (*Id.* at 6.)  Rather, Plaintiff refused to work with Defendant to develop "mutually acceptable" search terms, custodians, and protocols for ESI.  (*Id.* at 5-8.)  Defendant also feels Plaintiff unnecessarily moved to compel backup data where Plaintiff only recently requested backup data, and Defendant already agreed to provide responsive paper documents, as well as ESI.  (*Id.* at 6-8.)

The Court believes the parties' document production problems stem from the fact that, prior to this decision, no scheduling order defined the parties' obligations under Campbell Pat. R. 4A(2), or defined the scope of ESI.  Therefore, the Court **HOLDS IN ABEYANCE** this portion

---

[5] The parties' email correspondence demonstrates Plaintiff only *generally* mentioned it wanted supplemental interrogatory responses.  (*See* Dkt. Nos. 53-3 to 53-9.)

[6] Defendant previously agreed to "revisit," and supplement all its interrogatory responses "as necessary . . . ."  (Dkt. No. 57 at 4.)  At the May 17, 2013 hearing, Defendant admitted it compiled supplemental interrogatory responses.  Nevertheless, it wanted to meet and confer with Plaintiff to further tailor the responses to Plaintiff's needs.

of Plaintiff's motion to compel.  (Dkt. No. 52.)  The Court **ORDERS** the parties to meet and confer about their document production problems no later than **three (3) weeks** from the date of this decision.

### C. Deposition Under Campbell Pat. R. 4A(4)

Under Campbell Pat. R. 4A(4), Plaintiff moves to compel *another* 30(b)(6) deposition on a corporate representative knowledgeable about Defendant's sales, and offers for sales.  (Dkt. No. 52 at 14.)  Plaintiff argues its previous deposition of Defendant's corporate witness, Howard Bright, proved insufficient.  (*Id.*)  He knew "virtually nothing of the specifics of [Defendant's] sales, did not know what information was used to create the two conflicting sales summaries and could not explain the difference in sales figures."  (*Id.*)

At the May 17, 2013 hearing, Defendant elaborated that Bright pointed out errors in the original sales summary provided to Plaintiff.  This led Defendant to create a corrected sales summary.  Defendant provided Plaintiff the corrected sales summary on the day of Bright's deposition.  Despite Bright's involvement in creating the new sales summary, Defendant acknowledged Bright could not answer deposition questions about the differences in the sales summaries.

Nevertheless, Defendant opposes Plaintiff's motion to compel another deposition.  (Dkt. No. 57 at 9.)  Defendant claims Plaintiff's previous deposition notice broadly requested a witness testify "with respect to the subject matters provided for in Campbell Patent Rule" 4A(4).  (*Id.* at 8.)  Given this broadness, Plaintiff could not expect Defendant to produce a witness who could answer "questions regarding the minutiae of its sales . . . ."  (*Id.* at 9.)  Defendant also argues Plaintiff's motion is unnecessary because Campbell Pat. R. 4A(4) allows additional 30(b)(6) depositions.  (*Id.*)

The Court agrees with Defendant's belief that Campbell Pat. R. 4A(4) contemplates additional depositions. However, to the degree the rule contains ambiguity, the Court **GRANTS** Plaintiff's motion to compel another 30(b)(6) deposition under Campbell Pat. R. 4A(4). (Dkt. No. 52.) Plaintiff must take this deposition **no later than one (1) month** after Defendant completes its ESI production. To avoid another unsatisfactory deposition, the Court **ORDERS** Plaintiff to craft a deposition notice that clearly and explicitly lists the information it seeks. For instance, if Plaintiff wants information about the data used to create the two conflicting sales summaries, Plaintiff should state this in the notice.

The Court also **ORDERS** Defendant to pay for Plaintiff's costs associated with taking this additional 30(b)(6) deposition. (Dkt. No. 60 at 11.) The Court recognizes that Plaintiff's original deposition notice could have been clearer. On the other hand, the Court harbors concerns where Defendant provided Plaintiff the updated sales summary on the day of Bright's deposition without prior notice, and Bright failed to explain discrepancies in the sales summaries even though he himself pointed them out.

**IV. ORDERS**

For the reasons discussed above, the Court issues the following **ORDERS**:

The Court **GRANTS** in part Plaintiff's motion for a scheduling order, with the modifications described above. (Dkt. No. 62.)

The Court **GRANTS** in part and **HOLDS IN ABEYANCE** in part Plaintiff's motion to compel, as described above. (Dkt. No. 52.)

The Court **ORDERS** the parties to meet and confer about the portions of Plaintiff's motion to compel held in abeyance. The parties must meet and confer no later than **three (3) weeks** from the date of this order.

The Court **ORDERS** Defendant to certify to Plaintiff and the Court when it complies in full with Campbell Pat. R. 4A(2). (Dkt. No. 52.)

Under Fed. R. Civ. P. 37(a)(5)(A)(iii), the Court **DENIES** Plaintiff's motion for sanctions related to its motion to compel. (Dkt. No. 52.) Other circumstances make an award of expenses unjust. The lack of a formal scheduling order addressing the parties' obligations under Campbell's Patent Rules, and the scope of ESI, exacerbated the parties' genuine discovery disagreements, and misunderstandings.

Dated this 24th day of May, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge